**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAUL MCKENNA, | ) | |
| | ) | No. 2:24-cv-1073-RJC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Robert J. Colville |
| | ) | |
| COCHRAN AUTOMOTIVE D/B/A AUDI WASHINGTON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Robert J. Colville, United States District Judge

Before the Court is a Motion to Dismiss (ECF No. 15) filed by Defendant Cochran Automotive ("Defendant"). Defendant moves to dismiss all counts in Plaintiff's Amended Complaint (ECF No. 14), arguing that Plaintiff Paul McKenna ("Plaintiff") failed to state a claim upon which relief can be granted. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. The Motion has been fully briefed and is ripe for disposition.

### I. Factual Background & Procedural History

In the Complaint, Plaintiff sets forth the following factual allegations relevant to the Court's consideration of the Motion at issue:

Plaintiff was an employee of Defendant for approximately five years, and regularly receiving roughly $120,000 in annual commissions. ECF No. 14 ¶¶ 6, 10. Defendant employs more than 50 individuals within 75 miles of Plaintiff's worksite. *Id.* ¶ 7. Toward the end of his employment with Defendant, Plaintiff's health declined due to severe kidney issues. *Id.* ¶ 11. Over the previous twelve months of employment, Plaintiff had worked at least 1,250 hours. *Id.* ¶ 9. The medical problem, however, caused Plaintiff to miss a total of four nonconsecutive weeks

of work. *Id.* ¶ 12. Plaintiff provided Defendant with a doctor's note each time he missed work. *Id.* ¶ 13.

Defendant terminated Plaintiff, citing his health-related absences. *Id.* ¶ 14. After termination, Defendant refused to issue Plaintiff his final paycheck. *Id*. ¶ 15. It is unclear from the Complaint how this was reflected, but Plaintiff asserts that Defendant inserted false chargebacks, reducing Plaintiff's pay to zero dollars. *Id.* ¶ 18. Subsequently, Defendant offered Plaintiff a $7,500 severance payment, which Plaintiff accepted. *Id.* ¶ 20. Receiving nothing for his final paycheck, Plaintiff felt compelled to accept the severance package. *Id.* Moreover, Plaintiff alleges that Defendant intentionally offered this deal immediately after the chargebacks to coerce Plaintiff into accepting less than what he was owed. *Id.* ¶ 19.

Plaintiff brought this action for violations of the Family and Medical Leave Act (the "FMLA") and the Pennsylvania Wage Payment and Collection Law (the "WPCL"). On September 30, 2025, the Court granted Defendant's first motion to dismiss without prejudice, under the presumption that there was a pleading error in the initial complaint. On October 17, 2025, Plaintiff filed the Amended Complaint, curing the deficiency. On October 31, 2025, Defendant filed the present Motion to Dismiss, along with a Brief in Support (ECF No. 16). On November 14, 2025, Plaintiff filed a Brief in Opposition (ECF No. 18) to the Motion to Dismiss. And on December 1, 2025, Defendant filed a Reply Brief (ECF No. 19).

## II. Legal Standard

Defendant moves to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely

prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The Third Circuit explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-

> pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## III. Discussion

Defendant moves to dismiss the Complaint on the grounds that Plaintiff failed to state a claim for a FMLA Interference and Retaliation and for violations of the WPCL.

### A. Counts I & III – The FMLA Claims

Defendant argues that Plaintiff fails to state the FMLA claims because, in accepting his severance package, Plaintiff knowingly, voluntarily, and unconditionally waived and released his rights to any legal claim against Defendant, including FMLA claims, pursuant to a separation agreement (the "Separation Agreement"). Defendant argues that despite the failure to explicitly name the Separation Agreement in, or attach it to the Complaint, the Court should consider its contents because it is "integral to/relied upon in the complaint." ECF No. 9 at 6 (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (finding that a document

relied upon in the plaintiff's complaint, yet not attached or explicitly cited, may be included in ruling on a motion to dismiss)).

Plaintiff responds that "[w]hereas, the agreement is mentioned in the Amended Complaint, it is not integral to Plaintiff's claims of FMLA interference nor is it related to Plaintiff's unpaid wages claim." ECF No. 18 at 3. Accordingly, argues Plaintiff, the Court cannot rely upon it at the motion to dismiss stage.

By the Court's reading, Plaintiff does reference the "release" in the Complaint. The Separation Agreement is not logically integral to two of Plaintiff's claims. Count I, the FMLA Interference claim, relies on the allegations respecting Plaintiff's entitlement to benefits under the FMLA and the denial of those benefits. Count III, the FMLA Retaliation claim, relies on the allegations respecting Plaintiff's protected leave and his termination for engaging in that protected activity. However, Count II, the Wage Payment Collection Law claim, is less clear. This claim relies on the allegations that Plaintiff was owed more than he was paid and was coerced into accepting that payment through undue influence. However, the Court fails to see how accepting this payment was coercive, or in any way to Plaintiff's detriment, if it was simply part of what he was owed. If it was not associated with some agreement that Plaintiff finds unfair, then it was purely to Plaintiff's benefit. A straightforward reading of the Complaint suggests that Plaintiff means to argue that by accepting the payment, he was accepting a "release" (in Plaintiff's own words) of some kind. In fact, Plaintiff's concession that "the agreement is mentioned in the Amended Complaint" is in reference to this precise point. *Id.* In Count II, Plaintiff asserts that "[i]n cases such as this, Courts should also consider 'whether there is evidence [that the employer procured the *release* through] fraud or undue influence." ECF No. 14 ¶ 48 (quoting *Cuchara v. Gai-Tronics Corp.*, 129 Fed. Appx. 728, 731 (3d Cir. 2005) (emphasis added).

In any event, the rule barring courts from considering items not attached to the complaint is essentially a notice requirement. "[T]he primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993)). "[I]t is not unfair to hold a plaintiff accountable for the contents of documents it must have used in framing its complaint, nor should a plaintiff be able to evade accountability for such documents simply by not attaching them to his complaint." *Schmidt v. Skolas*, 770 F.3d 241, 250 (3d Cir. 2014) (citing *In re Burlington*, 114 F.3d at 1426). In *Schmidt*, for instance, the Third Circuit Court reversed in part the District Court's decision to grant the motion to dismiss because the plaintiff had not seen the items that the defendant had attached to the motion and that the court had considered while disposing of it. *Schmidt*, 770 F.3d 241. But as long as the complaint makes it clear that the plaintiff is aware of a document and has used the document to frame part of the complaint, even narrative framing, the court may consider that document. It is not the case that the document must be logically essential to the claims, and certainly not to all the claims.

Plaintiff argues further that the "Separation Agreement between the Parties does not preclude Plaintiff from bringing claims against Defendant because the agreement, either expressly or by omission, does not contain a valid and enforceable waiver of the Plaintiff's right to pursue legal action on the specific claims at issue. Additionally, any such waiver must be clear and unequivocal under the law, and the Plaintiff's claims may fall outside the scope of agreement or concern matters that arose after the agreement was executed." ECF No. 18 at 3–4. The problem for the Court is that these assertions are not accompanied by an argument or binding authority in their favor, and this Court declines to exercise its imagination to divine one. The question of

whether the claims *may* concern matters that arose after the agreement was executed may be interesting speculation, but it does nothing to suggest, let alone adequately allege, as a legal matter, that this action can move forward despite the Separation Agreement.

Finally, Plaintiff argues that the allegations in the Complaint should invalidate the releases Plaintiff agreed to in the Separation Agreement. Because Defendant would not pay Plaintiff his final paycheck, given his reliance on that income, Plaintiff was essentially left to accept the terms of the Separation Agreement under duress. Plaintiff cites *Coventry v. U.S. Steel Corporation* to argue that undue pressure and the inability to review the terms of the release can render it invalid. 856 F.2d 514 (3d Cir. 1988).

Plaintiff fails to allege, either explicitly or implicitly, an inability to review. He does, however, provide facts that speak, at least in layman's terms, to duress. "Under Pennsylvania law, absent a threat of actual bodily harm, there can be no claim of duress 'where the contracting party is free to consult with counsel.'" *Cuchara*, 129 F. App'x at 731 (quoting *Carrier v. William Penn Broad. Co.*, 426 Pa. 427, 233 A.2d 519, 521 (1967). Plaintiff alleges no threat of bodily harm, absence of time to consult counsel, or any time pressure at all. In fact, the release itself includes a provision wherein Plaintiff acknowledged that he had "been advised to consult with an attorney of his choosing regarding the legal significance of this Agreement; and [that] this Agreement is written in a manner that he understands, and he has entered into this Agreement knowingly, by his own free will and choice without any compulsion, duress, or undue influence from anyone." ECF No. 15-1 ¶ 13.

However, as a more general consideration:

> To determine whether a release is valid, the Third Circuit directs courts to consider the totality of the circumstances surrounding its execution. And to do so, district courts should consider the following non-exhaustive factors: (1) the clarity and specificity of the release language; (2) the plaintiff's education and business

> experience; (3) the amount of time plaintiff had for deliberation of the release before signing it; (4) whether plaintiff knew or should have known her rights upon execution of the release before singing it; (5) whether plaintiff was encouraged to seek, or in fact received benefit of counsel; (6) whether there was opportunity for negotiation of the terms of the release; and (7) whether the consideration given in exchange for the waiver and accepted by the employee exceeds the benefits to which she was already entitled to by law.

*Dougherty v. Teva Pharms. USA*, No. CIV.A.05-CV-2336, 2008 WL 508011, at *4 (E.D. Pa. Feb. 20, 2008) (citing *Cirillo v. Arco Chem. Co.*, 862 F.2d 448, 451 (3d Cir. 1988). Several of the considerations in the Third Circuit Court's totality of the circumstances test are plainly met here. The release language is clear and unambiguous (factor one); Plaintiff was encouraged to seek the advice of counsel (factor five); and consideration, in the form of a $7,500 severance payment, was given (factor seven).

As to factor two, Plaintiff's education and business experience, "[t]he Third Circuit has never decided, as matter of law, the minimum level of education and experience an employee needs to understand and execute a contractual release. In the absence of precise guidance from the Court of Appeals, some district courts have treated this factor as a 'minimal threshold' to overcome in deciding whether a waiver is valid." *Id.* at *6 (citing, e.g., *Ponzoni v. Kraft Gen. Foods*, 774 F. Supp. 299, 310 (D.N.J. 1991), *aff'd*, 968 F.2d 14 (3d Cir. 1992)). Here, as someone who worked in a professional environment for at least five years regularly earning $120,000, Plaintiff meets the minimal threshold. *See, e.g.*, *Pears v. Spang*, 718 F. Supp. 441, 445-46 (W.D.Pa. 1989) (finding that having a college education is not essential to meeting the education and experience factor); *see also Dougherty*, 2008 WL 508011, at *6 (finding that five years of experience as a secretary in a business environment was sufficient to meet the minimal threshold). Further, the assertion that Plaintiff signed the Separation Agreement under duress is, unfortunately for Plaintiff, self-

defeating. It is a tacit concession that Plaintiff understood the nature of the release and that certain provisions may be unfavorable to him.

As to factor four, as with factor two, the Court finds that Plaintiff has not shown that he did not understand the nature of the agreement. As to factors three and six, unfortunately not enough facts are alleged for the Court to determine how much time Plaintiff had to consider the terms in the Separation Agreement or whether its terms are negotiable. That on its own is arguably enough for the Court to consider factors three and six satisfied, as Plaintiff fails to allege sufficient facts to overcome the presumption that he willingly signed an agreement that bears his signature. Even if factors three and six are close calls or altogether unsatisfied, the balance of the totality of the circumstances test favors Defendant.

Here, the Complaint does demonstrate that Plaintiff was on notice that he was subject to a release, and he says so in the Complaint. Further, by the Court's reading, at least one of the claims logically relies upon the existence of a release. And finally, the Court finds that there is not enough evidence to suggest that Plaintiff entered into the release under duress. That release, the Separation Agreement, is fair game for consideration. The Separation Agreement states that Plaintiff "does hereby irrevocably and KNOWINGLY, VOLUNTARILY, and unconditionally waive and release fully and forever any claim, cause of action, loss, expense, or damage of any and every nature whatsoever against [Defendant] . . . arising on or prior to the date on which [Plaintiff] executed this Agreement, including, but not limited to . . . all claims arising in law or equity or any claims arising under . . . the Family and Medical Leave Act, any federal, state, or local statute, rule or regulation related to employee rights, wages, fair employment practices, leave entitlements, or benefits. . . ." ECF No. 15-1 at 4.

Accordingly, because, pursuant to the Separation Agreement, Plaintiff contracted to not pursue an FMLA action against Defendant, the Court finds that, as to the FMLA claims, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, as to Count I and Count III, the Court will grant the Motion to Dismiss.

**B. Count II – WPCL Violation**

"Federal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367(a). A district court may, however, decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367(c)(3). In making a determination to decline to exercise supplemental jurisdiction, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc. v. Delaware Cty., Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

Because the FMLA claims were the sole jurisdictional basis that brought this action to this District, the Court finds it premature to make any findings related to the remaining state claim absent a federal question before the Court. The factors of judicial economy, convenience, fairness, and comity all weigh in favor of this Court declining to exercise supplemental jurisdiction without conviction that there is a claim respecting federal law to which the remaining state claim is

ancillary. Accordingly, the Court will dismiss the state-law claim to allow Plaintiff to pursue the same in state court.

## IV. Conclusion

For the reasons discussed above, Defendant's Motion to Dismiss will be granted. Counts I and III will be dismissed with prejudice. Count II will be dismissed without prejudice to allow Plaintiff to pursue the same in state court.

BY THE COURT:

*/s/Robert J. Colville*_______
Robert J. Colville
United States District Judge

DATED: September 23, 2026

cc: All counsel of record